**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **SASIREKHA SELVAKUMARAN** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION No. 4:21-CV-195** |
| | § | |
| **vs.** | § | |
| | § | |
| **UNITED STATES CITIZENSHIP** | § | |
| **AND IMMIGRATION SERVICES,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT USCIS'S REPLY TO PLAINTIFF'S RESPONSE TO ITS SECOND MOTION FOR EXTENSION OF TIME TO FILE FIRST RESPONSIVE PLEADING

Defendant United States Citizenship and Immigration Services (USCIS) files this Reply to the *pro se* Plaintiff's most recent pleading docketed on PACER on June 21, 2021, at Dkt. No. 10, and hand-marked by Plaintiff as "Motion for speedy Adjudication and Compensation".  It is unclear if this pleading is Plaintiff's Response filed in opposition to USCIS's motion filed on June 17, 2021, in which USCIS seeks a second extension of time within which to answer or otherwise plead to Plaintiff's Complaint (Dkt. No. 9), or if this pleading is more of a "petition" for mandamus relief in which Plaintiff requests this Court to "order the defendant USCIS to approve her H4 extension, her daughter's H4 extension, and her EAD renewal immediately, without further delay." *See* Dkt. No. 10 at Paragraph No. 1, page 1.

1

I.

If Document No. 10 is to be treated as Plaintiff's Response in Opposition to the USCIS's Motion for a second extension, the Plaintiff has failed to address the key point made by USCIS:  a 45-day extension is requested by USCIS because the entire case will become moot at the end of July when Plaintiff's applications for immigration benefits for her and her daughter are expected by USCIS to be fully adjudicated.

As set forth in the Declaration of Patrick Kernan, Section Chief, Vermont Service Center (VSC), USCIS, attached to USCIS's Motion as Exhibit A (Dkt. 9-1, at ¶2), these adjudications will occur in the ordinary course with USCIS processing the I-539 and I-765 applications on a "first-in-first-out" basis according to their filing dates.  Plaintiff filed her applications for immigration benefits on January 6, 2021.  *Id.* at ¶3.  Plaintiff's applications are pending adjudication at the VSC and are within the range of publicly posted processing times for these form types which, as of June 17, 2021, is approximately 11.5 to 15 months.  *Id* at ¶4.  Despite USCIS's pace not being as fast as Plaintiff would like, USCIS is acting and has in fact given Plaintiff the courtesy of a projected adjudication timeline of the end of July.  The second extension of 45 days is merited.

II.

However, if Plaintiff's latest pleading is more of an effort to amend her original Petition brought pursuant to the Administrative Procedure Act, 5 U.S.C. §702, *et. seq.*, in which she was alleging an unlawful delay of agency action by USCIS (*See* Complaint (Dkt. No. 1) at ¶ 23) to now include a request for mandamus relief to compel adjudication

2

of Plaintiff's applications, Plaintiff has failed to establish any right to such relief, and the Court should deny it.[1]  Plaintiff does not allege that her wait is any different than anyone else under current processing times.  Instead, she merely does not think she should have to wait this long and she seeks to use this lawsuit to move ahead of others who filed before her.

Courts have been quick to point out that compelling agency action is a drastic remedy suitable only in extraordinary cases.  *See Kerr v. U.S. Dist. Court for Northern Dist. of California*, 426 U.S. 394, 402 (1976) ("The remedy of mandamus is a drastic one, to be invoked only in extraordinary cases").  USCIS is currently acting on Plaintiff's applications and estimates that Plaintiff's applications will be adjudicated in the ordinary course on or before July 30, 2021, which is well within the range of posted processing times for those forms.  Accordingly, the "drastic" remedy of mandamus in neither supported by Plaintiff's pleading brought pursuant to the APA, nor is it merited at this time based on her latest pleading (*See* Dkt. No. 10).

Upon Plaintiff's applications being adjudicated, as anticipated by USCIS, on or before July 30, 2021, this case will become moot.  An extension of USCIS's response date for 45 days to permit the adjudication of Plaintiff's applications to be completed in the ordinary course on a first-in-first-out basis will thereby preserve both judicial

---

[1] Once again, in seeking this second extension, USCIS does not waive any defenses it may have to assert in this case, including both jurisdictional defenses and the defenses of failure to state a cause of action for unreasonable delay or for mandamus relief.

resources and limited federal agency resources as well as ensure fairness to those

applicants whose applications may have been pending for a longer time that Plaintiff's.

**WHEREFORE, PREMISES CONSIDERED,** USCIS requests that the Court

grant its second motion to extend the time within which USCIS must answer or otherwise

plead to the Complaint for forty-five (45), up to and including Monday, August 2, 2021.

Respectfully submitted,

NICHOLAS J. GANGEI
ACTING UNITED STATES ATTORNEY

*/s/ Ruth Harris Yeager*
RUTH HARRIS YEAGER
Assistant United States Attorney
Texas Bar No. 09092700
110 N. College, Suite 700
Tyler, TX   75702
(903) 590-1400
(903) 590-1436 (fax)
Email:  Ruth.Yeager@usdoj.gov

COUNSEL FOR DEFENDANT
UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2021, a true and correct copy of the foregoing *Defendant's Reply to Plaintiff's Response to Second Motion for Extension of Time to File First Responsive Pleading* has been served by U. S. mail to:

Sasirekha Selvakumaran
6121 Whiskerbrush Road
Argyle, TX 76226

*/s/ Ruth Harris Yeager*
RUTH HARRIS YEAGER

4